IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TOREY LEE BENSON,<br><br>　　　　　Defendant. | 8:22CR3<br><br>ORDER |

　　　　This matter is before the Court on the magistrate judge's[1] August 10, 2022, Findings and Recommendation (Filing No. 35). Following an evidentiary hearing, the magistrate judge recommends the Court deny defendant Torey Lee Benson's ("Benson") Motion to Suppress (Filing No. 23) "all evidence obtained by law enforcement following a traffic stop" conducted in Butler County, Nebraska. Benson makes five objections (Filing No. 36) to the Findings and Recommendation.

　　　　Butler County Sheriff's Deputy Michael Mejstrik ("Deputy Mejstrik") testified that on the evening of November 27, 2021, he initiated a traffic stop of Benson's vehicle after observing several traffic violations. Deputy Mejstrik testified Benson's vehicle had improperly-tinted windows and low-visibility taillights, and it was passing onto the shoulder of the road. During the traffic stop, a K-9 alerted to the presence of controlled substances. The key issue in Benson's motion to suppress is whether there was "probable cause to stop [Benson's vehicle] or reasonable suspicion to believe [Benson] was involved in criminal activity." *See* U.S. Const. amend. IV.

　　　　"[A]ny traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Maurstad*, 35 F.4th 1139, 1143 (8th Cir. 2022) (quoting *United States v.*

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

*Hollins*, 685 F.3d 703, 706 (8th Cir. 2012)). This is true even if the officer was mistaken about the traffic violation, as long as the mistake was "objectively reasonable." *See id.*

After careful de novo review of the record, with particular attention to the matters to which Benson objected, *see* 28 U.S.C. § 636(b)(1), the Court accepts the Findings and Recommendation that: (1) there was sufficient evidence demonstrating Deputy Mejstrik had probable cause to believe Benson committed not just one, but multiple traffic violations, and (2) even if Deputy Mejstrik's assessment of the traffic violations was incorrect, it was still "objectively reasonable." For the reasons stated in the magistrate judge's Findings and Recommendation,

IT IS ORDERED:
1. Benson's objections (Filing No. 36) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 35) are accepted.
2. The Motion to Suppress (Filing No. 23) is denied.

Dated this 15th day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge